UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Lee Otis Thompson,<br><br>Plaintiff,<br><br>v.<br><br>Corporal Shayla Jakes, Sheriff Solam Duane Lewis, Officer Deputy Deaton John Doe,<br><br>Defendants. | C/A No. 2:26-cv-02086-RMG-MHC<br><br>**REPORT AND RECOMMENDATION** |

This is a civil action filed by pro se Plaintiff Lee Otis Thompson. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order dated August 24, 2026, Plaintiff was directed to bring his case into proper form by providing the specified documents. Plaintiff was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 6. The time for Plaintiff to bring his case into proper form has passed, Plaintiff has failed to bring his case into proper form, and he has not filed any amended complaint.

## I. <u>BACKGROUND</u>

At the time Plaintiff filed this action, he was a pretrial detainee at the Berkeley County Detention Center. It appears he was later released from detention. *See* ECF No. 4 (Plaintiff's notice of change of address). Defendants are Corporal Shayla Jakes (Jakes), Sheriff Solam Duane Lewis (Lewis), and Officer Deputy Deaton John Doe (Doe). ECF No. 1 at 1-3.

In his rambling and difficult to read Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his Fourth and Fourteenth Amendment rights, with an

assertion of "Maliciously Prosecution[.]" ECF No. 1 at 4 (error in original). Plaintiff appears to be attempting to allege claims about his arrests and/or the prosecution of his criminal cases. He also may be attempting to challenge his convictions and/or sentences for other reasons. *Id.* at 14-16. As relief, Plaintiff requests ten million dollars. *Id.* at 6.

It is unclear exactly which criminal arrests and/or prosecutions Plaintiff is challenging. He lists some case numbers that appear in the Public Index for Berkeley County and some that do not.[1] Records from Berkeley County indicate that Plaintiff was arrested on a charge of manufacture, distribution, etc. of cocaine base, 1st (case number 2021A0810300741, indictment number 2024GS0800191) on December 8, 2023. The charge was true bill indicted on March 20, 2024, and Plaintiff pled guilty to the charge on September 5, 2024. He was sentenced to a term of five years' imprisonment, with a credit of 273 days for time served, and the balance suspended with a term of two years' probation. On July 10, 2022, Plaintiff was arrested on charges of possession of less than one gram of methamphetamine or cocaine base, 3rd of subsequent offense, (case number 2022A0810201305, indictment number 2024GS0800157) and MDP, narcotic drugs in Sch. I (b) & (c), LSD, and Sched. II – 1st offense (case number 2022A0810201306, indictment number 2024GS0800159). These two charges were true bill indicted on January 10, 2024. On September 5, 2026, Plaintiff pled guilty to the charge in case number 2022A0810201305. He was sentenced to three years' imprisonment, with credit for time served of 273 days, and the balance suspended with a term of two years' probation. The charge in case number 2022A0810201306 has a disposition of nolle prosequi on September 6, 2024. *See* Berkeley County 9th Judicial Circuit

[1] Plaintiff refers to case numbers 2021055004235 and 202207006331 which do not appear in the Berkeley Public Index. However, the indictment numbers Plaintiff references with these case numbers correspond to the case numbers on the Public Index that are discussed below.

Public Index, https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Sept. 29, 2026).[2]

## II. STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

---

[2] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

## III. DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

### A. Failure to State a Claim

This action is subject to summary dismissal for Plaintiff's failure to state a claim. Although Plaintiff lists Defendants' names in the caption of his Complaint, his pleadings fail to provide any specific facts to support a claim that any of these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Plaintiff alleges no facts as to Defendant Sheriff Lewis. As to Defendants Jakes and Doe, Plaintiff only asserts that two arrest warrants in case number 2021A0810300741 were not served until thirty-one months after the offense. ECF No. 1 at 15. It is unclear what claim or claims he is alleging against these Defendants. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Additionally, parts of the Complaint are fairly characterized as being composed of what some courts have described as "buzz words" or "legalistic gibberish." *See, e.g., Rochester v. McKie*, No. 8:11-CV-0797-JMC-JDA, 2011 WL 2671306 (D.S.C. Apr. 13, 2011), *report and recommendation adopted*, No. 8:11-CV-0797-JMC, 2011 WL 2671228 (D.S.C. July 8, 2011). As

such, a substantial portion of Plaintiff's allegations are so generally incomprehensible or filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2nd Cir. 1998); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming dismissal of Plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face).

B. Supervisory Liability

To the extent Plaintiff may be attempting to bring a claim against Defendants based on a theory of supervisory liability, such claims are subject to summary dismissal. To state a § 1983 claim for supervisory liability, the plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as to the named Defendants.

C. Arrest Claims

To the extent Plaintiff seeks damages from Defendants based upon his arrests, he appears to be attempting to allege claims under the Fourth Amendment. Actions brought under § 1983 that

are premised on false arrest are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

However, Plaintiff appears to admit that he was arrested pursuant to warrants as to the charges challenged. Thus, Plaintiff's claims should be construed as claims for malicious prosecution rather than false arrest. *See Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) (noting that "[a] claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause."). As discussed below, Plaintiff fails to state a claim for malicious prosecution. Moreover, even if he can bring claims under the Fourth Amendment for false arrest, he fails to state a claim because the charges were all true bill indicted. "An indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (finding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment).

D. Malicious Prosecution Claims

Plaintiff's malicious prosecution claims are also subject to summary dismissal. To state a malicious prosecution claim, the plaintiff must allege that he was (1) seized pursuant to legal

process not supported by probable cause and (2) that the criminal proceedings terminated in his favor. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996); *see also Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 561–64 (2024) (holding that a malicious prosecution claim can succeed when there is a baseless charge accompanied by a valid charge).

As to the charges Plaintiff challenges, he appears to admit that warrants were obtained and only asserts general claims that the warrants allegedly were "fabricated" and that the crimes supposedly did not occur. *See* ECF No. 1 at 15-16. Thus, he fails to allege facts to indicate that he was seized pursuant to legal process not supported by probable cause. Moreover, he cannot show a lack of probable cause because all three charges were true bill indicted. *See Provet v. South Carolina*, 2007 WL 1847849, at *5; *Williams v. Maye*, No. 8:13-cv-2673-JMC, 2013 WL 5954801, at *3 (D.S.C. Nov. 7, 2013) ("[T]he issuance of the indictment in Plaintiff's state court case precludes Plaintiff's claims of false arrest and malicious prosecution because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."). Additionally, as to case numbers 2021A0810300741 and 2022A0810201305, Plaintiff cannot assert a favorable termination of the criminal proceedings because he pled guilty to the charges, as discussed above. *See Thompson v. Clark*, 596 U.S. 36, 39, 44 (2022) (noting that a Fourth Amendment claim requires showing a "favorable termination of the underlying criminal prosecution").

E. Additional Challenges to Convictions

To the extent Plaintiff is attempting to challenge his sentences and/or convictions for other reasons, including allegations concerning an administrative suspension (unrelated to Plaintiff's cases) of the state magistrate who sentenced him or any claim about a delay in serving warrants, he must file a separate petition pursuant to 28 U.S.C. § 2254 after exhausting his post-conviction

remedies in state court. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). Moreover, any request for release from custody is not a remedy that is available in this § 1983 action. *See id.* at 487 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [Section] 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

F. <u>Statute of Limitations</u>

To the extent Plaintiff is attempting to allege a Fourth Amendment claim as to his arrest in case numbers 2022A0810201305 or 2022A0810201306, his claims are also subject to summary dismissal as they are barred by the applicable statute of limitations because the alleged false arrests occurred more than three years before the filing of this lawsuit.[3] For a § 1983 claim arising in South Carolina, the statute of limitations is three years. *See Owens v. Okure*, 488 U.S. 235, 240-241 (1989) ("Because § 1983 claims are best characterized as personal injury actions, ... a State's personal injury statute of limitations should be applied to all § 1983 claims."); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause

[3] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted).

of action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim."). A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law). For a false arrest or false imprisonment claim, the statute of limitations begins to run at the time of arrest. *Wallace v. Kato*, 549 U.S. at 389 ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). A claim for personal injury under South Carolina law based on negligence is also three years. *See* S.C. Code Ann. § 15-3-530. As noted above, Plaintiff was arrested in these two cases on July 22, 2022. Thus, any false arrest claims are barred by the applicable statute of limitations because Plaintiff did not file this action until more than three years later in May 2026.

G. <u>Failure to Bring Case into Proper Form</u>

As noted above, Plaintiff also failed to bring this case into proper form. In the Court's Order dated August 24, 2026, Plaintiff was given the opportunity to bring his case into proper form by providing paying the filing fee or submitting a completed and signed Form AO-240, providing a summons form listing all named Defendants, and providing a completed and signed Form USM-285 for each Defendant. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 6.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form or respond to the Court's Order in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[4] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

September 30, 2026
Charleston, South Carolina

[4] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).